UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**D-2 JOSHUA JAMES ALLEN GRIGGS,**<br><br>Defendant. | 2:24-CR-20394-TGB-DRG<br><br>HON. TERRENCE G. BERG<br><br>**ORDER DENYING MOTION TO DISMISS COUNT THREE OF THE INDICTMENT (ECF NO. 33)** |

On July 25, 2024, Joshua James Allen Griggs and Jevonte Cassidy Doakes were charged in an indictment with one count each of felon in possession of a firearm under 18 U.S.C. § 922(g)(1). Doakes was also charged with one count of illegal possession of a machinegun under 18 U.S.C. § 922(o). ECF No. 13. Griggs has filed a motion to dismiss Count III of the indictment against him, arguing that he was not a "felon" at the time he possessed the firearm. ECF No. 33. Griggs points out that, at sentencing for the alleged predicate felony drug possession, he was assigned youthful trainee status for that offense under the Michigan Holmes Youthful Trainee Act ("HYTA"), MCL § 762.11, and that offense therefore does not qualify as a predicate "felony conviction" as required by 18 U.S.C. § 922(g)(1). In response, the government argues that because Griggs had not been assigned youthful trainee status at the time he possessed the firearm in the instant offense, he was a convicted felon at

1

that time. ECF No. 38. The Court held a hearing on this motion on February 18, 2025, at which counsel for Griggs and the government appeared and presented oral argument. The Court took the motion under advisement.

For the reasons set forth below, the Court will **DENY** Griggs's Motion to Dismiss.

## I.   BACKGROUND

In June and July 2024, agents from the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") conducted surveillance on two adjacent residences associated with Jevonte Cassidy Doakes and frequented by Doakes and Joshua James Allen Griggs. Complaint, ECF No. 1, PageID.6. On July 8, 2024, agents saw Griggs standing in the doorway of one of the houses holding an "AR-style" pistol equipped with a double drum magazine. *Id.* PageID.8. Law enforcement officers executed a search warrant at the two residences on July 10, 2024 and recovered a total of seven firearms, including the firearm Griggs was seen holding two days earlier, a Delton Inc., DTI-15 5.56 AR pistol with a double drum magazine. *Id.* PageID.6–8.

On May 13, 2024, eight weeks before Griggs was seen with the double-drum machine pistol, Griggs pled guilty to felony possession of a controlled substance less than 25 grams in the Sixteenth Judicial Circuit Court in Macomb County, Michigan. ECF No. 1, PageID.4–5. He was on bond for that drug offense at the time and awaiting sentencing when he

was seen holding the firearm on July 8, 2024. Griggs was also on HYTA probation for another felony offense at that time. He had been sentenced to HYTA on that prior offense on or about February 16, 2024 for receiving and concealing stolen property–motor vehicle. *Id*. That probationary sentence remains active. *Id*.

On July 18, 2024, just over one week after he was observed on the porch in possession of the AR pistol, Griggs received a second state probationary sentence under HYTA for the felony drug offense. *Id*.

On July 25, 2024, Doakes and Griggs were indicted by a federal grand jury on the following counts: Count I, Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1), against Doakes; Count II, Illegal Possession of a Machinegun, 18 U.S.C. § 922(0), against Doakes; and Count III, Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1), against Griggs, based on his possession of a gun on July 8, 2024. ECF No. 13.

Griggs now moves to dismiss Count III of the Indictment, arguing that that his assignment to youthful trainee status on two State matters under HYTA does not qualify as a predicate felony conviction as required by 18 U.S.C. § 922(g)(1). ECF No. 33. He asserts his status as a youthful trainee has not been revoked and that he therefore does not qualify to be charged with being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1).

The government has filed a response opposing Griggs's motion. ECF No. 38. The government argues that Griggs was a convicted felon at

3

the time of the instant alleged gun possession offense because he had pleaded guilty to a felony in State court at that time and was not afforded youthful trainee status on that State felony offense until after he allegedly committed the instant offense on July 8, 2024.

## II. LEGAL STANDARD

A defendant may seek dismissal of a defective indictment in a pretrial motion under Federal Rule of Criminal Procedure 12(b)(3).

## III. DISCUSSION

The federal felon-in-possession statute, 18 U.S.C. § 922(g)(1), states, in relevant part:

> it shall be unlawful for any person ... who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year ... to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate commerce.

The statute further provides, in relevant part:

> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(20). Therefore, the determination of whether a defendant's prior state felony offense results in a qualifying "conviction" for purposes of § 922(g)(1) must be analyzed under that state's law.

Defendant Griggs contends that Count III of the Indictment, which charges Griggs as a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), should be dismissed because the government cannot prove the predicate felony conviction. Griggs argues that the predicate felony charged in the indictment is not a "conviction" under Michigan law because he was granted youthful trainee status under HYTA for that State offense at the time of sentencing. He asserts that an assignment to youthful trainee status does not constitute a conviction of a crime unless the court revokes the defendant's status as a youthful trainee, and that his status has not been revoked. At oral argument, Griggs's counsel emphasized that the HYTA statute's language supports his argument that Griggs had not been convicted of a felony at the time he was alleged to be in possession of a firearm, providing:

> [I]f an individual pleads guilty to a criminal offense, committed on or after the individual's eighteenth birthday but before his or her twenty-sixth birthday, the court of record having jurisdiction of the criminal offense may, *without entering a judgment of conviction* and with the consent of that individual, *consider and assign* that individual to the status of youthful trainee.

MCL § 762.11(2) (emphases added).

5

The government responds that, at the time Griggs allegedly possessed the firearm charged in the Indictment, he had already plead guilty to the state drug offense, and the state court had accepted that plea. At the hearing, the government pointed out that, at the guilty plea hearing, Griggs acknowledged that he was pleading guilty to "possession of less than 25 grams of the controlled substance, that's punishable by up to four years within the Michigan Department of Corrections." ECF No. 38-1, PageID.157. The government argues that at the time of his guilty plea Griggs was "convicted" for purposes of § 922(g)(1), and he possessed the firearm charged in the indictment *after* that, but *before* he was sentenced to HYTA probation.

As set out in the above-quoted section of MCL § 762.11(2), Michigan law created a diversionary program in the Holmes Youthful Training Act, or "HYTA" which provides that the Court can allow certain "youthful" offenders to plead guilty and be assigned to a probationary-style sentence. Upon successful completion of the program, the court must "discharge the individual and dismiss the proceedings," *id*. § 762.14(1), and there is no "conviction for a crime," *id*. § 762.14(2). It is noteworthy that both Griggs and the government state that a petition under the Holmes Act must be made *before* a plea of guilty. *See* ECF No. 33, PageID.127 and ECF No. 38, PageID.149 (both citing *People v. Hardesty*, 241 N.W.2d 214, 216 (Mich. App. 1976) ("A petition under the Holmes Act must be made before a plea of guilty.")). It is undisputed in this case that

6

Griggs did *not* petition the state court under the Holmes Act before pleading guilty to the state drug offense. He instead requested a deferred sentence under a different Michigan statute, MCL § 333.7411, which allows deferred sentencing for defendants who plead guilty to possession of drugs and who have not previously been convicted of a drug offense.[1] ECF No. 38-1, PageID.156–57. The state court nevertheless assigned Griggs HYTA probation on the State drug offense at sentencing.

Under the plain language of the HYTA, *if* Griggs's had been found in possession of a firearm *after* the state court had sentenced him and assigned him youthful trainee status on the state drug charge, it seems clear that that charge would not constitute a predicate felony conviction for § 922(g)(1) unless Griggs's youthful trainee status was revoked. *See People v. Dipiazza*, 778 N.W.2d 264, 267 (Mich. App. 2009) ("An assignment to youthful trainee status does not constitute a conviction of

---

[1] The deferral proceedings under MCL § 333.7411 are similar to those under HYTA explained above. As the court in *People v. Benjamin*, 769 N.W.2d 748, 751 (Mich. App. 2009) explained:

> In deferral proceedings under MCL § 333.7411(1), an individual either pleads guilty or is found guilty of certain controlled substance offenses. The trial court does not adjudicate guilt when the plea is tendered. Instead, the trial court defers proceedings and places the individual on probation. If the individual complies with the terms of probation, the trial court discharges the individual without an adjudication of guilt and dismisses the proceedings. If the individual fails to fulfill the terms of probation, the trial court enters an adjudication of guilt.

a crime unless the court revokes the defendant's status as a youthful trainee.").

But those are not the facts of this case. Here, Griggs is alleged to have committed the instant offense of possession of the AR pistol *after* he pled guilty to felony possession of a controlled substance less than 25 grams and *before* he was sentenced to HYTA probation for that offense. Specifically, Griggs's full criminal history is as follows:

- Griggs was arrested and charged with receiving and concealing stolen property–motor vehicle on January 9, 2023. ECF No. 1, PageID.4–5. He pleaded guilty and was sentenced to two years of HYTA probation on or about February 16, 2024. Griggs remains on HYTA probation for this offense.

- On or about January 29, 2024, while on pretrial release, Griggs was arrested and charged with felony using a computer to commit a crime and financial transaction device–stealing without permission. He pleaded nolo contendere to one misdemeanor count of larceny.

- On or about March 20, 2024, while on HYTA probation, Griggs was arrested and charged with deliver/manufacture a controlled substance and maintaining a drug house. He pled guilty to felony possession of a controlled substance less than 25 grams on May 13, 2024, and the court accepted his plea. Griggs did not request HYTA probation at the plea hearing, and instead sought a deferred sentence under MCL 333.7411.

- On July 8, 2024, Griggs was observed in possession of an AR pistol. This occurred after Griggs's May 13, 2024 guilty plea, but before sentencing.

- On July 18, 2024, the state court sentenced Griggs on the March 24, 2024 drug offense to HYTA probation.

8

The Court will first address the issue of which date controls for determining whether Griggs was "convicted" of a predicate felony for purposes of § 922(g)(1)—the date he pled guilty to the felony drug charge (May 13, 2024) or the date of his sentencing to HYTA probation (July 18, 2024). The Sixth Circuit has definitively answered this question: "It is the status of the defendant on the date he possessed the firearm as alleged in the indictment that controls whether or not he has violated the statute, not his later status after his civil rights have been restored." *United States v. Morgan*, 216 F.3d 557, 565–66 (6th Cir. 2000); *see also United States v. Olender*, 338 F.3d 629, 636 (6th Cir. 2003) ("The defendant's status on the date of the offense controls whether the felon in possession laws have been violated."). District courts have followed this rule. *United States v. Bennett*, 285 F. Supp.2d 978, 984–85 (E.D. Mich. 2003) (Lawson, J.) (stating "a substantial line of authority [ ] establishes the rule that the status of a defendant's prior record on the date of the possessory offense is controlling for the purpose of determining a violation of 18 U.S.C. § 922(g)(1).") (citations omitted).

In *Morgan*, the defendant's 1968 burglary conviction was a crime punishable by more than one year, and his civil rights were not restored until 1998, which was after he possessed a firearm on October 7, 1997. *Id.* at 566. The Sixth Circuit held that "[b]ecause the 1968 burglary conviction was a firearms disabling offense on the day that he possessed the firearm, … Morgan's post-indictment restoration of civil rights was

9

immaterial to his charge of being a felon in possession of a firearm." *Id.* In reaching its holding, the Sixth Circuit found the Fourth Circuit's analysis in *United States v. Kahoe*, 134 F.3d 1230 (4th Cir. 1998) persuasive. *Id.* at 565. The Sixth Circuit also found that "[t]he statutory structure of § 922 further indicates that Congress intended to establish a class of individuals who are presumptively dangerous *and did not limit the class to those who are validly convicted, or even indicted.*" *Id.* at 566 (emphasis added) (citing *Lewis v. United States*, 445 U.S. 55 (1980)); *see also United States v. Snyder*, 235 F.3d 42, 53 (1st Cir. 2000) ("[T]he federal gun laws, such as 922(g)(1), reflect 'the desirability of having a clear, bright line in respect to gun possession: one who has a felony conviction on the books, a conviction not yet set aside, should simply know not to possess a gun.'") (quoting *United States v. Paleo*, 9 F.3d 988, 989 (1st Cir. 1992)). Finally, the Sixth Circuit found Congress, in amending § 921(a)(20), did not attempt to "prohibit a court from using a post-indictment expunction or restoration of civil rights as a predicate offense for a possession of firearms charge." *Morgan*, 216 F.3d at 566.

The facts in *Kahoe*, upon which the *Morgan* court relied, are closer to the facts in this case. In that case, the defendant pled guilty to carrying a firearm in relation to a drug trafficking offense in March 1994, and while he was out on bail pending his sentencing for that offense, he possessed a firearm. *Id.* at 1231. Based on this second firearm possession, the defendant was convicted of being a felon in possession of a firearm,

10

with the March 1994 offense serving as the predicate felony offense. *Id.* The March 1994 offense was subsequently vacated pursuant to *Bailey v. United States*, 516 U.S. 137 (1995), which held that a firearm must have been actively employed to satisfy the "use" prong of § 924(c)(1). *Id.* The defendant sought habeas relief, arguing that the latter conviction could not stand once the underlying predicate conviction had been set aside. *Id.* The district court denied relief, holding that its decision was controlled by *Lewis v. United States*, 445 U.S. 55 (1980), and the Fourth Circuit affirmed. *Id.*

The Fourth Circuit stated that the Supreme Court's decision in *Lewis*, which held that the federal firearm statute prohibits a felon from possessing a firearm despite the fact that the predicate felony may be subject to collateral attack on constitutional grounds, was still good law notwithstanding the amendment of § 921(a)(20) after the *Lewis* decision was issued. *Kahoe*, 134 F.3d at 1233–34. The Circuit Court reasoned that "[t]he plain language of § 921(a)(20) means that a conviction that *has been* set aside can no longer be disabling" but that "[t]he language does not provide that such a conviction was not disabling between the time it was obtained and the time it was set aside." *Id.* at 1233 (emphasis added) (collecting cases). The court held that "*Lewis* dictates that the fact that Kahoe's conviction was vacated after he possessed the firearm and ammunition is irrelevant" "because Kahoe's March 1994 conviction [upon a guilty plea] was a disabling predicate offense *when he possessed the*

11

*firearm and ammunition,*" and therefore the denial of § 2255 relief was affirmed. *Id.* at 1235 (emphasis added).

Following *Kahoe*, the Fourth Circuit recently affirmed the Eastern District of North Carolina's denial of the defendant's motion to dismiss the indictment for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) under facts similar to this case. *See United States v. Berry*, No. 22-4381, 2024 WL 2206502, at *3 (4th Cir. May 16, 2024), affirming *United States v. Berry*, No. 5:20-CR-259-D, 2021 WL 5238776 (E.D.N.C. Nov. 9, 2021). In that case, the defendant's predicate felony was a robbery conviction he sustained on March 13, 2018. On September 20, 2019, he allegedly committed the federal felon-in-possession of a gun offense, and he was indicted for that offense on June 3, 2020. Then, on July 15, 2021, the defendant's 2018 robbery conviction was discharged under the Youth Rehabilitation Act. *Id.* at *1–2. The North Carolina district court held that *Kahoe* "dooms" the defendant's motion to dismiss the indictment because the defendant "allegedly possessed the firearm on a date between … between the date he obtained the felony conviction in the D.C. Superior Court… and the date the D.C. Superior Court discharged it," *Berry*, 2021 WL 5238776 at *2, and the Fourth Circuit affirmed. *Berry*, 2024 WL 2206502, at *2.

Therefore, the Court looks at Griggs's status on July 8, 2024 in determining whether he had a felony conviction at the time he is alleged to illegally possess a firearm—that is after he pleaded guilty to the state

12

felony drug offense and before he was assigned youthful trainee status for that offense under HYTA.

The next question then is whether Griggs's May 13, 2024 guilty plea constitutes a "conviction" under Michigan law. Both Griggs and the government agree that Michigan defines a "conviction" for purposes of "setting aside convictions" as "a judgment entered by a court upon a plea of guilty, guilty but mentally ill, or nolo contendere, or upon a jury verdict or court finding that a defendant is guilty or guilty but mentally ill." MCL § 780.621a(a). At oral argument, Griggs's counsel argued that Griggs's guilty plea at the May 13, 2024 state court proceeding did not constitute a "conviction" because the state court judge emphasized that Griggs's "plea of guilty will cause [him] to have a criminal conviction, a felony on your record, *but only if you're unsuccessful in your completion of 7411 probation*" and stated to Griggs "if you abide by all the terms and conditions of probation, *no criminal conviction would attach to your record as a result of this case.*" *See* ECF No. 38-1, PageID.160–61 (emphases added). The government responded by pointing out that, at that guilty plea hearing, before he had been awarded youthful trainee status, Griggs acknowledged that he was pleading guilty to "possession of less than 25 grams of the controlled substance, that's punishable by up to four years within the Michigan Department of Corrections." *Id.* PageID.157.

13

The Court finds *People v. Salters*, No. 313766, 2014 WL 1383602 (Mich. Ct. App. Apr. 8, 2014) instructive on the issue of what constitutes a "conviction" under Michigan law, even though that case interprets Michigan's felon-in-possession statute, MCL § 750.224f, because that statute is very similar to § 922(g)(1).[2] In *Salters*, the defendant, Kaveo Salters, pled nolo contendere to a felony offense of second degree home invasion and larceny in a building under Michigan law on March 19, 2012. *Id.* at *4. After that plea, but before he was sentenced on that offense, Salters possessed a gun when involved in a shooting on April 11, 2012. *Id.* Salters was then sentenced on the home invasion offense on April 25, 2012, just two weeks after the shooting took place in which Salters was charged with possession a firearm. *Id.* Salters' trial counsel stipulated that Salters had a felony record and could not lawfully carry a gun, and the jury found Salters guilty of felon in possession of a firearm.

Salters challenged his felon-in-possession conviction on appeal, arguing that his attorney was wrong in stipulating that Salters had a

---

[2] The Michigan felon in possession statute provides that "a person convicted of a felony shall not possess, use, transport, sell, purchase, carry, ship, receive, or distribute a firearm in this state…." MCL 750.224f. The federal felon-in-possession statute provides that it is unlawful for a person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to "to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(1).

14

felony record and could not lawfully carry a gun. *Id.* Salters argued that he was not a felon on April 11, 2012, the date he possessed a gun, because he was not sentenced on the predicate felony until two weeks after that offense. *Id.* The Michigan Court of Appeals found sufficient evidence to convict Salters of felon in possession of a firearm because it was not error for his trial counsel to stipulate that Salters had a felony record and could not lawfully carry a gun. *Salters*, 2014 WL 1383602, at *4. The court of appeals then went on to find that Salters was properly convicted as a felon in possession of a firearm, even though he was not sentenced for the predicate felony until after the date of the gun offense, because "'[i]t is well settled that a sentence is not an element of a conviction, but rather a declaration of its consequences.'" *Id.* (quoting *People v. Kennebrew*, 220 Mich. App. 601, 606, 560 N.W.2d 354 (1996), citing *People v. Funk*, 321 Mich. 617, 33 N.W.2d 95 (1948)). The court stated that "[n]othing in [the felon-in-possession statute] supports the conclusion that a defendant is not 'a person convicted of a felony' until they receive a sentence for that felony, and such a conclusion is not supported by case law." *Id.* (citing *People v. James,* 267 Mich. App. 675, 679, 705 N.W.2d 724 (2005) ("The Michigan Sentencing Guidelines Manual (2003), p 7, defines 'conviction' as 'an adjudication of guilt in a criminal matter.' ")).

Salters then sought habeas corpus relief in the federal court on a number of grounds, including claimed ineffective assistance of counsel with respect to his felon-in-possession conviction. Salters argued, as he

15

had below, that he had no prior felony conviction at the time that he committed the gun offense. *Salters v. Burt*, No. 2:17-CV-10230, 2017 WL 6811986, at *7–8 (E.D. Mich. Oct. 27, 2017) (Drain, J.). The district court rejected Salters' argument that a person is not convicted of a felony until they receive a sentence for that offense, and found:

> The Michigan Court of Appeals determined that for purposes of Michigan's felon in possession statute, petitioner was convicted of the predicate felony offense as of the date that he pleaded nolo contendere to that charge, which was before he committed the robbery and assault with intent to commit murder offenses in this case, and not on the later date in which he was sentenced. This Court must defer to the Michigan Court of Appeals' construction of the elements of the crime of felon in possession of a firearm and therefore cannot grant habeas relief on any claim that the Michigan Court of Appeals misinterpreted the statute.

*Id.* at *9.

Salters appealed this decision, and the Sixth Circuit held that:

> the Michigan Court of Appeals determined that, under state law, even though Salters was not sentenced for his prior felony conviction until after the commission of the crime in this case, his March 19, 2012, nolo contendere plea to second-degree home invasion and larceny in a building rendered him "a person convicted of a felony" for the purposes of Michigan's felon-in-possession statute. *Salters*, 2014 WL 1383602, at *4 (quoting Mich. Comp. Laws § 750.224f). As the district court explained, a federal court on habeas review must defer to a state court's interpretation of state law. *See Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001). Salters' insufficient-evidence claims do not deserve encouragement to proceed further.

16

*Salters v. Burt*, No. 17-2426, 2018 WL 2341746, at *3 (6th Cir. May 23, 2018) (per curiam).

Even though *Salters* did not involve a diversionary sentence like HYTA, that case is helpful to show how Michigan courts interpret a "conviction" under the felony-in-possession statutes, stating "'[i]t is well settled that a sentence is not an element of a conviction.'" *Salters*, 2014 WL 1383602, at *4 (citations omitted). The Court must look at the defendant's status at the time he possessed the firearm. *See id.*; *Morgan*, 216 F.3d at 565–66. Here, Griggs pled guilty to the state drug offense on May 13, 2024, and the court accepted that plea, but Griggs was not sentenced at that time. Similarly, in *Salter* and in *Kahoe*, the defendants in those cases entered pleas on the predicate felony offenses but had not yet been sentenced when they committed the gun possession offense. *See Salter*, 2014 WL 1383602, at *4; *Kahoe*, 134 F.3d at 1231. Nevertheless, the courts in those cases found that those defendants were persons "convicted of a felony" at the time they possessed a firearm. *See Salter*, 2014 WL 1383602, at *4; *Kahoe*, 134 F.3d at 1234.

This Court reaches the same conclusion here. Griggs pled guilty to felony drug possession on May 13, 2024. The Indictment in this case charges that Griggs then committed the instant gun possession offense on July 8, 2024. At that time, he was a convicted felon for purposes of § 922(g)(1). While the state court judge stated at Griggs's guilty plea hearing that no criminal conviction would attach to his record as a result

17

of that case if he abided by all the terms and conditions of probation, ECF No. 38-1, PageID.160–61, that statement is clearly addressing what would happen in the future, *if* the court awarded him 7411 status and *if* Griggs successfully completed that probation. That advisory language does not affect the question of whether Griggs's guilty plea to felony drug possession constitutes a felony conviction for purposes of § 922(g). Griggs's subsequent assignment of youth trainee status upon sentencing does not change the fact that at the time he allegedly possessed the charged firearm, he had pled guilty to a felony and he therefore was a person convicted of a felony. As the Supreme Court explained in *Kercheval v. United States,* 274 U.S. 220 (1927):

> A plea of guilty differs in purpose and effect from a mere admission or an extrajudicial confession; it is itself a conviction. Like a verdict of a jury it is conclusive. More is not required; the court has nothing to do but give judgment and sentence. Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences. When one so pleads he may be held bound.

*Id.* at 223–24.

Further, the underlying purpose of the federal felon in possession of a firearm statute supports the conclusion that "conviction" in the context of that statute is defined to occur at the verdict or guilty plea stage under Michigan law. The purpose of § 922(g)(1) is to prevent those who pose a risk of dangerousness from possessing a firearm. *See Lewis*,

445 U.S. at 64 (stating that § 922(g)(1) was enacted by Congress to "prohibit [ ] categories of presumptively dangerous persons" from possessing firearms). A person's dangerousness stems from that person's conduct. If that person has been found guilty by a jury or admitted guilt in a plea to dangerous conduct, such a factual determination of guilt is obviously indicative of dangerousness. Whether or not judgment has been entered has no bearing on the dangerousness determination. Rather, the focus is on the person's conduct. It would be inconsistent with this Congressional purpose to interpret the law to create a safe period, or as defense counsel termed it, a "legal limbo," between ascertainment of guilt and sentencing during which a person is free to gather and possess firearms. *See Morgan*, 215 F.3d at 566 (holding that "[t]he statutory structure of § 922 further indicates that Congress intended to establish a class of individuals who are presumptively dangerous and did not limit the class to those who are validly convicted, or even indicted.").

At the time Griggs possessed a firearm on July 8, 2024, he had admitted guilt in state court to having committed a state drug felony that was punishable by a term of imprisonment exceeding one year. At that time he was "convicted" of a felony under Michigan law. *See Salters*, 2014 WL 1383602, at *4. Accordingly, under the facts of this case, Griggs was properly indicted under 18 U.S.C. § 922(g)(1) as a felon in possession of a firearm and his motion to dismiss Count III of the Indictment must therefore be **DENIED**.

## IV. CONCLUSION

For the reasons stated above, Defendant Joshua James Allen Griggs's Motion to Dismiss Count III of the Indictment, ECF No. 33, is **DENIED.**

**IT IS SO ORDERED.**

Dated: February 21, 2025     /s/Terrence G. Berg
                             HON. TERRENCE G. BERG
                             UNITED STATES DISTRICT JUDGE